**THIERMAN BUCK, LLP**
Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com

*Attorneys for Plaintiff Lisa Walsh, on behalf of
herself and others similarly situated*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LISA WALSH, on behalf of herself and all others similarly situated, | Case No.: 3:16-cv-00607-MMD-WGC |
| Plaintiffs, | **UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| vs. | |
| ITS LOGISTICS, LLC and DOES 1 through 50, inclusive, | |
| Defendants. | |

Plaintiff LISA WALSH ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her counsel of record, hereby moves this Court for an order granting final approval of her collective and class action settlement.

Plaintiff's motion is based on this Motion, the memorandum of points and authorities in support thereof, the Settlement Agreement (ECF No. 53-2), the Declaration of Class Counsel Leah L. Jones, the Declaration of Christina Francisco of Claims Administrator, Simpluris, Declaration of Plaintiff Lisa Walsh, the accompanying exhibits, and Proposed Final Approval

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

Order, all other papers on file in this action, and such evidence or arguments the Court may receive before deciding this Motion.

Defendant ITS Logistics, LLC ("Defendant" or "ITS") does not oppose this Motion.

Dated:  October 2, 2017                                 THIERMAN BUCK, LLP


By: /s/*Leah L. Jones*
          Mark R. Thierman
          Joshua D. Buck
          Leah L. Jones

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

UNOPPOSED MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

On July 24, 2017, the Court entered an order granting preliminary approval of the settlement of this case.  *See* ECF No. 54 (the "Preliminary Approval Order").  In addition to preliminarily approving the overall settlement as fair, reasonable, and adequate to the Class, the Court conditionally certified the settlement class; approved the form and content of the class notice, the Claim Form, and the Request for Exclusion form; confirmed the selection of Simpluris, Inc. as the claims administrator; and, scheduled the final fairness hearing for October 30, 2017. *Id.*

Notice has been disseminated to the Class as directed by the Court.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., Plaintiff seeks this Court's final approval of the Parties' Settlement between Plaintiff and Defendant.  *See* ECF No. 53-2, Exhibit A, Joint Stipulation of Settlement (hereinafter "Settlement," "Agreement," or "Settlement Agreement").[1]

The class administration procedures ordered by the Court have been completed as summarized in the declaration prepared by Simpluris ("Francisco Decl.") attached as Exhibit A. The Notice and all related materials were distributed to the Settlement Class, and all deadlines for Settlement Class Members to submit claims or exclusion forms, or object to the settlement have passed.[2]

Notably, no Class Member has objected to the Settlement and no Class Members requested exclusion from the Settlement. These results favor the final approval of the Settlement.

## II.      SUMMARY OF THE SETTLEMENT AND NOTICE PROCESS

---

[1] For purposes of consistency, and unless otherwise noted, all terms herein shall have the same meaning and definition as in the Parties' Settlement Agreement.

[2] After the initial mailing of the Notice packets, one (1) individual contacted Simpluris to request inclusion in the Settlement Class. Information regarding the self-identifying Class Member was forwarded to Defense Counsel for research and review and it was determined the individual should be added. *See* Declaration of Christina Francisco, hereinafter "Francisco Decl." at ¶ 9. The Parties agreed to allow Ms. Marti Woods until October 15, 2017 to submit a request for exclusion or objection. *See* Declaration of Leah L. Jones, hereinafter "Jones Dec." at ¶ 12. Because Ms. Woods self-identified it is unlikely she will request exclusion or object, however, Counsel will provide the Court with a confirmation at the final approval hearing.

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

## A.   Settlement Terms

A summary of the litigation, terms of the Settlement Agreement, and fairness and adequacy of the settlement are set forth in the Parties' motion for preliminary approval and related declarations, which the Parties incorporate by reference.  *See* ECF Nos. 53, 53-1, 53-2. Most notable, the Parties came to the Settlement Agreement through a settlement conference with the Honorable Magistrate Judge Cobb, which was held on June 27, 2017.  The Parties engaged in serious discussions of the relative strengths and weaknesses of the claims, the costs of protracted litigation, and the total potential liability at issue in the case.  Ultimately, the Parties (both represented by counsel who have litigated numerous wage and hour collective and class actions) agreed to settle Plaintiff's claims for a quick and certain resolution that represents damages for each Class Member who is entitled to any alleged damages based on number of workweeks worked. *See* Jones Decl. at ¶¶ 8-9.

The Settlement Class consisted of 82[3] individuals (*see* Francisco Decl. at ¶ 11), all of whom were current or former hourly-paid or non-exempt employees of Defendant, ITS Logistics, who used their computer as a timeclock, and who were employed by ITS anywhere within the United States of America at any time during the period between September 23, 2013 and the date of Preliminary Approval – *i.e.*, July 24, 2017.  *See* Settlement at §1.4. The Settlement provided for a fund of up to $190,000 to cover: payments to class members who submitted claims, the payment of class counsel's fees and costs, an enhancement payment to class representative Walsh, and the costs of settlement administration. *Id.* at §1.10, §7.1; §9.1; §10.1 and §10.2.   The $190,000.00 settlement amount breaks down as follows:

- $106,500 in estimated settlement funds to the Class;
- $5,000 in settlement administration costs;
- $10,000 enhancement award to Plaintiff for her participation in the lawsuit;
- $66,500 attorney's fees (35% percent of the maximum settlement amount); and

---

[3] After the initial mailing of the Notice packets, one (1) individual contacted Simpluris to request inclusion in the Settlement Class. Information regarding the self-identifying Class Member was forwarded to Defense Counsel for research and review and it was determined the individual should be added. *See* Francisco Decl. at ¶ 9.

UNOPPOSED MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

- $2,000 costs.

This is a "checks cashed" Settlement.  Payments to Settlement Class Members shall be sent by check and delivered by United States mail, first class, postage prepaid, to the Class Member's last known residence or mailing address.  *See* Settlement at § 7.3.  In light of the mandatory "opt in" provisions of Section 216(b) of the FLSA, checks issued to Settlement Class Members shall contain a legend that they are in accord and satisfaction of all claims alleged, or that could have been alleged, in the Action, and shall be valid for 120 days. *Id.*  Only those amounts claimed by Class Members who timely endorse and cash their checks will be paid by out of the Net Settlement Amount. *Id.*  All remaining amounts shall remain the property of Defendant. *Id.*

## B.    Notice To The Class And Average Class Settlement Amounts

Pursuant to the Preliminary Approval Order, Defendants provided Simpluris with the last known addresses of all settlement class members on August 10, 2017.  *See* Francisco Decl. ¶ 6. On August 24, 2017, Simpluris initially mailed 81 settlement notice packets in the form approved by the Court.  *Id.*, ¶ 8.  Of the settlement notice packets initially mailed to class members, three were returned.  *Id.*, ¶10.  Simpluris performed an address search for each of the returned packets, and was able to locate and re-mail two, one of which was again undeliverable.  *Id.*, ¶10.  After the initial mailing of the Notice packets, one (1) individual contacted Simpluris to request inclusion in the Settlement Class. Information regarding the one self-identifying Class Member was forwarded to Defense Counsel for research and review and it was determined the individual should be added bringing the total number of class members to eighty-two (82). *Id.*  at ¶¶ 9 and 11. Thus, 97.56% of the class received the settlement notice packets.

The class notice provided that class members had until September 24, 2017, to submit claims or exclusion forms or to object to the Settlement.  Simpluris received zero requests to be excluded from the settlement.  *Id.*, ¶ 12.  There were no objections.  *Id.*, ¶ 13.  The average recovery under the Settlement is approximately $1,298.78. *Id.* at ¶ 11. The highest recovery is approximately $2,998.02.  *Id.*

UNOPPOSED MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

### III. THE COURT SHOULD GRANT THE PLAINTIFF'S REQUEST FOR FINAL APPROVAL OF THE SETTLEMENT

#### A. Standard For Final Approval Of A Class Settlement.

Federal Rule of Civil Procedure 23 provides that "a class action shall not be dismissed or compromised without approval of the court." Fed. R. Civ. P. 23(e). Generally, settlement of class actions is favored as a matter of "strong judicial policy." *Alberto v. GMRI, Inc.,* 252 F.R.D. 652, 658 (E.D. Cal. 2008) (citing *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992)). Courts act within their discretion in approving settlements that are fair, not collusive, and take into account "all normal perils of litigation as well as the additional uncertainties inherent in complex class actions." *In re Beef Industry Antitrust Litigation,* 607 F.2d 167, 179 (5th Cir. 1979). The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation. *See Churchill Village, L.L.C. v. GE,* 361 F.3d 566, 576 (9th Cir. 2004) (noting "strong judicial policy" favoring settlements reached through arms-length, non-collusive negotiations); *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998) (endorsing the trial court's "proper deference to the private consensual decision of the parties" when approving a settlement); *Franklin v. Kaypro,* 884 F.2d 1222, 1227 (9th Cir. 1989) ("Litigation settlements offer parties and their counsel relief from the burdens and uncertainties inherent in trial . . . [t]he economics of litigation are such that pretrial settlement may be more advantageous for both sides than expending the time and resources inevitably consumed in the trial process."); *see generally, Newberg On Class Actions* § 11.41 (4th ed. 2002) ("*Newberg*").

Such approval typically involves a two-step process: (1) preliminary approval of the class settlement and notice to all class members and (2) a final fairness hearing to determine whether the settlement is fair, reasonable, and adequate. *See e.g., Sobel v. Hertz Corp.*, No. 3:06-CV-00545-LRH-RAM, 2011 WL 2559565, at *5 (D. Nev. June 27, 2011); *Alberto,* 252 F.R.D. at 658. Stage two, the stage at issue here, is the fairness hearing, set for a time after notice has been provided to the class and class members have had an opportunity to submit claims or objections to the proposed settlement or to opt out of it, and the court reaches a final determination about whether the proposed settlement should be approved as a fair, adequate, and reasonable resolution

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

of the dispute. *Id.* at 659 (citations omitted); *see also Manual for Complex Litigation (Fourth)* § 21.633 (2004) *(*"Manual for Complex Litigation") ("Once the judge is satisfied as to the ... results of the initial inquiry into the [1] fairness, [2] reasonableness and [3] adequacy of the settlement," the court should direct notice to issue and schedule a final approval hearing.) A court should approve a class settlement under Rule 23(e) if it "is fundamentally fair, adequate and reasonable." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (internal quotation marks omitted); *accord In re Mega Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citation omitted).

The Ninth Circuit has directed district courts to consider a variety of factors without providing an "exhaustive list" or suggesting which factors are most important. *See, e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). Courts look to a variety of factors to determine whether a settlement is "fair, reasonable, and adequate," including (1) the amount offered in the settlement, (2) the reaction of the class to the proposed settlement, (3) the strength of the plaintiffs' case balanced against the "risk, expense, complexity, and likely duration of further litigation" and the "risk of maintaining class action status throughout the trial," (4) the "extent of discovery completed" and the "stage of the proceedings," and (5) the informed views of experienced counsel. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see also Staton*, 327 at 959. "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). In some instances, "one factor alone may prove determinative in finding sufficient grounds for court approval." *Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 525-26 (C.D. Cal. 2004).

In considering these factors, courts recognize a strong judicial policy favoring settlements, particularly in the context of complex class litigation. *See In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). Courts are not required to assess whether the settlement is ideal or the best outcome, but "only whether the settlement is fair, free of collusion, and consistent with Plaintiff's fiduciary obligations to the class." *Hanlon*, 150 F.3d at 1027.

**THIERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

Indeed, where a settlement results from arm's-length negotiations after "relevant discovery" there is "a presumption that the agreement is fair." *Linney v. Cellular Ala. P'Ship*, 1997 WL 450064, at *5 (N.D. Cal. 1997). So long as the discovery is sufficient to give the parties a clear view of the relative strengths and weaknesses of their respective cases, it need not be exhaustive. *See In re Immune Response Secur. Litig.*, 497 F.Supp.2d 1166, 1174 (S.D. Cal. 2007) (approving settlement where informal discovery gave parties clear view of the strength and weaknesses of case). Notwithstanding any presumptions, the ultimate touchstone is whether "class counsel adequately pursued the interests of the class as a whole." *Staton*, 327 F.3d at 961. And, as the Ninth Circuit explained in *Officers for Justice*, the district court's role in evaluating a class action settlement is therefore tailored to meet that narrow objective. Accordingly, any review of Rule 23(e) of the Federal Rule of Civil Procedure "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties." Thus, a court's approval of a settlement will not be questioned "unless the fees and relief provisions clearly suggest the possibility that class interests gave way to self-interest." *Staton*, 327 F.3d at 961.

1.    The Settlement Provides Adequate, Fair, and Just Relief to the Class.

The maximum gross settlement amount under the Settlement Agreement is $190,000.00. The net settlement amount, which is the maximum settlement amount minus $10,000.00 for the Class Representative Enhancement, $5,000.00 for the Claims Administrator fees and costs, $66,500.00 for attorneys' fees and $2,000.00 for costs, leaves $106,500.00 to be paid to the Class. Settlement awards for Authorized Claimants, as defined in Settlement at § 1.10 will be paid out of the Net Settlement Fund based on the formula described. Specifically, the Claims Administrator will calculate the payment due to each Settlement Class Member based on the number of workweeks worked by him or her during the Class Period, as reflected by ITS Logistics' payroll data. *See* Settlement at § 8.1. The average gross payment to Class Members is approximately $1,298.78. *See* Francisco Decl. at ¶ 11. The highest recovery is approximately $2,998.02. *Id*. at ¶ 11.

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

Given the significant legal uncertainty, and the real risk of receiving nothing at the end of the day, the $106,500.00 settlement represents a substantial recovery for the 82 Class Members. *See* Jones Decl. at ¶ 8. Although a larger award was theoretically possible by litigating this case to the end of trial, "the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes" in exchange for certainty and resolution. *Linney v. Cellular Alaska P'ship,* 151 F.3d 1234, 1242 (9th Cir. 1998).

### 2.    The Response from the Class Has Been Very Positive.

The response from the Class has been very positive. As of the date of Ms. Fransisco's declaration, Simpluris had received zero requests for exclusion out of the eighty (80) Class Members who received Notices. *See* Francisco Decl. at ¶ 12. Class Members who wished to object to the Settlement were directed to file their objection with the Court and serve a copy of the objection on the attorneys for the Parties. As of the date of Ms. Fransisco's declaration, no objections had been received. *Id.* at ¶ 13. *See Nat'l Rural*, 221 F.R.D. at 529 ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of the proposed settlement action are favorable to the class members.")

### 3.    The Settlement Is Presumed To Be Fair.

Significantly, "[a]n initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's-length bargaining." *Newberg* § 11.42 (4th ed. 2002). Such is the case here. Class Counsel engaged in extensive factual investigation (through informal discovery) and participated in direct settlement discussions, ultimately coming to a resolution through a settlement conference with the Honorable Magistrate Judge Cobb. The Parties engaged in serious discussions of the relative strengths and weaknesses of the claims, the costs of protracted litigation, and the total potential liability at issue in the case. *See* Jones Decl. at ¶ 6. The Parties (both represented by counsel who have litigated numerous wage and hour collective and class actions) agreed to settle Plaintiff's claims for a quick and certain resolution that represents damages for each Class Member who is entitled to any alleged damages based on

number of workweeks worked. *See* Jones Decl. at ¶¶ 7-8.  Finally, there are no objectors to the Settlement. *See* Francisco Decl. at ¶ 13; *see also, Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1289 (9th Cir. 1992) (recognizing that fairness of a class action settlement may be inferred if few class members object to it).  Accordingly, the Settlement should be presumed fair.

4.      The Recommendation of Experienced Counsel Favors Approval of the Settlement.

The "recommendations of plaintiffs' counsel should be given a presumption of reasonableness," particularly when counsel has significant experience litigation similar cases. *Boyd v. Bechtel Corp.,* 485 Supp. 610, 622 (N.D. Cal. 1979); *Ellis v. naval Air Rework Facility,* 87 F.R.D. 15, 18 (N.D. Cal 1980) ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight."). "[P]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation."  *In re Pacific Enterprises Securities Litigation,* 47 F.3d 373, 378 (9th Cir. 1995).  Indeed, when evaluating a proposed settlement, a court, absent fraud collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.  *See Flinn v. FMC Corp.,*528 F.2d 1169, 1173 (4th Cir. 1975); *Hanrahan v. Britt,*174 F.R.D. 356, 366-368  (E.D. Pa. 1997) (finding that a presumption of correctness applies to a class action settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery, citing the *Manual for Complex Litigation* § 30.41  (2nd ed. 1985)).

Here, Class Counsel, who have extensive experience prosecuting and litigating employment cases and complex class actions, and who conducted a legal and factual investigation into the claims in this case, firmly believe that the proposed Settlement is fair, reasonable, adequate and is in the best interest of all Class Members. *See* Jones Decl. at ¶¶ 7-9. Accordingly, this factor also weighs in favor of final approval.

/ / /

/ / /

/ / /

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

UNOPPOSED MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT

IV.   **THE CLASS REPRESENTATIVE PAYMENT SHOULD BE APPROVED**

The Named Plaintiff applied to the Court for a total of $10,000.00 in an enhancement payment for services rendered as representative of the Class in prosecuting this Action, which is well within the range of reasonableness. *See e.g., Ingram v. Coca-Cola Co.,* 200 F.R.D. 685, 694 (N.D. Ga. 2001) (approving incentive awards of $300,000 to each named plaintiff in recognition of services to class by responding to discovery, participating in mediation process and taking the risk of stepping forward); *Van Vranken v. Atl. Richfield Co.,* 901 F. Supp. 294, 300 (N.D. Cal. 1995) (approving $50,000 participation award).

Here, the Named Plaintiff Walsh provided invaluable assistance to Class Counsel in explaining Defendant's pay policies and procedures and also incurred personal risk in bringing this lawsuit on behalf of other persons in the Class. *See* Declaration of Lisa Walsh, hereinafter, "Walsh Decl." ¶¶ 4-7. Plaintiff could have been held responsible for Defendant's costs if she were unsuccessful. *Id.* at ¶¶ 4-13; Jones Decl. at ¶ 13; *see also Koehl v. Verio,* 142 Cal. App. 4th 1313, 1328 (2006) (holding named plaintiffs in wage-and-hour class action liable, jointly and severally, for defendant's attorneys' fees where defendant prevailed at trial).

Such service payments are recognized as serving an important function in promoting class action settlements.  For example, in *League of Martin v. City of Milwaukee,* 588 F. Supp. 1004, 1024 (E.D. Wis. 1984), the court held that the proposed settlement properly granted the named plaintiff additional relief, explaining that it is "not uncommon for class members . . . to receive special treatment in settlement" when they have been instrumental in prosecuting the lawsuit. Given the Named Plaintiff Walsh's active participation in this litigation, and her courage for asserting such an action despite the inherent risks involved in litigation and fear of reprisals, the requested Enhancement Payment is fair and well-deserved. Jones Decl. at ¶ 13; Walsh Decl. at ¶¶ 4-13. In addition, there have no objections by Class Members to the Enhancement Payment. Accordingly, Plaintiff's Enhancement should be approved.

/ / /

/ / /

/ / /

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

UNOPPOSED MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

## V.   CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS SHOULD BE APPROVED

### A.   Class Counsel's Fee Award Is Properly Calculated as a Percentage of the Total Settlement Fund.

The Federal Rules of Civil Procedure expressly authorize an award of reasonable attorneys' fees and costs in a certified class action pursuant to the parties' agreement or to the extent otherwise authorized by law.  Fed. R. Civ. P.  23(e).  The FLSA also provides for attorneys' fees.  29 U.S.C. § 216(b).

Under the "common fund" doctrine, "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980).  The purpose of the common fund approach is to "spread litigation costs proportionally among all the beneficiaries so that the active beneficiary does not bear the entire burden alone." *Vincent v. Hughes Air West, Inc.,* 557 F.2d 759, 769 (9th Cir. 1977).

Historically district courts employ the common fund method in determining the reasonableness of attorneys' fees in cases where – as here – the settlement produces a lump sum for the benefit of the entire class. *See In re Washington Pub. Power Supply Sys. Sec. Litig.,* 19 F.3d 1291, 1306 (9th Cir. 1994) ("Under the percentage method, the court simply awards the attorneys a percentage of the fund sufficient to provide plaintiffs' attorneys with a reasonable fee." (citing *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *Staton v. Boeing Co.,* 327 F.3d 938, 972 (9th Cir. 2003) (awarding a percentage of the common fund is particularly appropriate "'when each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf.'") (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980)).  In contrast, "[t]he 'lodestar method' is appropriate in class actions brought under fee-shifting statutes (such as federal civil rights, securities, antitrust, copyright, and patent acts), where the relief sought—and obtained— is often primarily injunctive in nature and thus not easily monetized, but where the legislature

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

has authorized the award of fees to ensure compensation for counsel undertaking socially beneficial litigation." *In re Bluetooth Headset Prods. Liability. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). According to one empirical study, almost 70% of district court judges employ the percentage-of-the-recovery method without any kind of lodestar analysis. Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, Shannon Green, *Wage and Hour Litigation is Big – and Getting Bigger*, VANDERBILT UNIVERSITY LAW SCHOOL PUBLIC LAW & LEGAL THEORY WORKING PAPER NUMBER 10-10 at 25 (July 7, 2010).

In *Boeing*, the Supreme Court specifically addressed "whether a proportionate share of the fees awarded to lawyers who represented the successful class may be assessed against the unclaimed portion of the fund." 444 U.S. at 473. The Supreme Court found the total amount of the fund the proper denominator, approving fees of approximately $2,000,000.00 on a settlement valued at $7,000,000.00 where claims totaled $706,600 of $1,544,300 in unconverted debentures at issue, or 47% of the total. The Court found that any latent reversionary right the defendant possessed contingent on the failure of absentee class members to exercise their present rights of possession did not defeat each class member's equitable obligation to share the expenses of the litigation. *Id.* at 481-82.

Moreover, in *Williams v. MGM-Pathe Communications Co.,* 129 F.3d 1026 (9th Cir. 1997), the gross settlement fund was valued at $4.5 million, the parties agreed to 33⅓% of the total value for attorneys' fees, and the amount of the claims totaled just $10,000. The district court assessed the attorneys' fees as 33⅓% of the $10,000 amount claimed. The Ninth Circuit reversed, finding that the fee award should have been based on 33⅓% as agreed by the parties based on the total recovery value of $4.5 million: "[T]he court abused its discretion by basing the fee on the class members' claims against the fund rather than on a percentage of the entire fund . . . ." *Williams*, 129 F.3d at 1027.

Under these principles, a percentage of the common fund fee award is properly based on the total settlement value of $190,000.00 in this case. Class Counsel's request of $66,500.00 is

UNOPPOSED MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

fair compensation for undertaking complex, risky, expensive, time-consuming, and prolonged litigation solely on a contingency basis. *See* Jones Decl. at ¶ 14. The request is in line with attorneys' fees awards in other wage-and-hour class actions (*see e.g., Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 450-51 (E.D. Cal. 2013), especially since a significant portion of the Class Members will be receiving settlement payments averaging $1,298.78. *See* Francisco Decl. at ¶ 11.

Courts have historically awarded percentage fees in the range of 20% to 50% of the common fund, depending on the circumstances of the case. *Newberg* § 14:6 (4th ed. 2008). "No general rule can be articulated on what is a reasonable percentage of a common fund. Usually 50% of the fund is the upper limit on a reasonable fee award from a common fund in order to assure that the fees do not consume a disproportionate part of the recovery obtained for the class, although somewhat larger percentages are not unprecedented." *Id.* Here, the Class Notice plainly disclosed that $66,500.00 of the Settlement would be allocated to pay attorneys' fees. The fact that no Class Member objected to the Settlement in general, or the attorneys' fees specifically, is an overwhelming indication that the attorneys' fees and costs sought here are fair, reasonable, and appropriate.

A basic lodestar cross check is appropriate in a "percentage of the common fund" type settlement that was achieved here: "Where the use of the lodestar method is used as a cross-check to the percentage method, it can be performed with a less exhaustive cataloguing and review of counsel's hours." Schiller *v. David's Bridal, Inc.*, No. 1:10-CV-00616-AWI, 2012 WL 2117001, at *20 (E.D. Cal. June 11, 2012) (emphasis added); *In re Rite Aid Corp. Sec. Litig.,* 396 F. 3d 294, 306 (3d Cir. 2005) ("The lodestar cross-check calculation need entail neither mathematical precision nor bean-counting."); *In re Immune Response Sec. Litig.,* 497 F. Supp. 2d 1166 (S.D. Cal. 2007) ("Although counsel have not provided a detailed cataloging of hours spent, the Court finds the information provided to be sufficient for purposes of lodestar cross-check."); *see also Sutter Health Uninsured Pricing Cases,* 171 Cal. App. 4th 495, 512, 89 Cal. Rptr. 3d 615 (2009) (where lodestar used to cross-check percentage approach, documentation of the lodestar figure is

UNOPPOSED MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

often submitted in summary or declaration form, without submission of full time records). Regardless, whether a court applies the lodestar or the percentage method, "we require only that fee awards in common fund cases be reasonable under the circumstances." *Florida v. Dunne,* 915 F. 2d 542, 545 (9th Cir. 1990).

Here, Class Counsel submits a lodestar total of approximately $61,541.70, which includes anticipated work beyond final approval, including monitoring the payment phase of the settlement and responding to Class Member inquiries. *See* Jones Decl. ¶ 14.  Although this lodestar amount is lower than the percentage fee of $66,500.00 requested, the lodestar amount is subject to an appropriate upward adjustment based on a "lodestar multiplier" and the significant non-monetary relief attained by the Class as a result of the uniform policy change. *See Fischel v. Equitable Life Assur. Society of U.S.,* 307 F.3d 997, 1008 (9th Cir. 2002).  A multiplier of 1.08 is reasonable given the quality of the representation, benefit obtained for the class, complexity of the issues presented, and inherent risks of litigation.  *See Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 255 (2001) ("Multipliers can range from 2 to 4, or even higher."); *see also Steiner v. Am. Broad Co., Inc.*, 248 Fed.Appx. 780, 783 (9th Cir. 2007) (multiplier of 6.85); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (multiplier of 3.65); *Keith v. Volpe*, 501 F.Supp.403, 414 (C.D. Cal. 1980) (multiplier of 3.5).

In sum, the 35% fee award requested is well justified here and within the range of the fund awards approved in other cases, in light of the exceptional results obtained, the efficiency with which the case was litigated, the experience and reputation of counsel, the risks associated with litigating this action, the complexity of the issues presented, and the substantial benefit to the class achieved.

### B.    Class Counsel's Costs and Expenses Should Be Approved.

Plaintiff's counsel has incurred, and expects to incur, costs in the amount of $2,004.44 which is just over the amount of costs that were agreed upon by the Parties. Settlement at § 10.2; Jones Decl. at ¶ 15, Exhibit B.  The Class Notice plainly disclosed that up to $2,000.00 would be allocated to pay litigation costs advanced by Class Counsel.  Accordingly, Plaintiffs' request for costs in that amount is fair and reasonable and should be approved by the Court.

**THIERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

## VI.   FINAL CLASS CERTIFICATION SHOULD ALSO BE GRANTED

The Court has already conditionally certified the Settlement Class. *See* Order Granting Preliminary Approval of Class Action Settlement. No Class Member has objected to class certification or to the appointment of the Class Representative or Class Counsel. *See* Francisco Decl. at ¶ 13. For this reason, in addition to the reasons stated in the Preliminary Approval Statement, the Court should grant final certification of the Settlement Class as defined in the Settlement.

## VII.   PROPOSED FINAL ORDER

Upon the Court's final approval of the Parties' collective and class action settlement, and consistent with the terms of the Settlement, the Court's Final Order and Judgment will be, in addition to approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate; directing consummation of its terms and provisions; approving Class Counsel's application for an award of attorneys' fees and costs; and approving the Enhancement Award to the Class Representative.  In addition, the Court's Final Order and Judgment will enter judgment of this Action on the merits, and permanently bar and enjoin all members of the Settlement Class from prosecuting against the Released Parties any individual or class or collective claims released pursuant to the Settlement, upon satisfaction of all payments and obligations in substantially the form filed concurrently herewith.

## VII.   CONCLUSION

Based on the information and reasons provided above, Plaintiff respectfully requests that the Court enter the proposed Final Order Approving Collective and Class Action Settlement and Judgment that is submitted contemporaneously with this Motion.

Dated:  October 2, 2017                            THIERMAN BUCK, LLP


By: /s/*Leah L. Jones*
     Mark R. Thierman
     Joshua D. Buck
     Leah L. Jones