**THIERMAN BUCK, LLP**
Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com

*Attorneys for Plaintiff Lisa Walsh, on behalf of herself and others similarly situated*

**NIXON PEABODY LLP**
BRIAN V. ALCALA, *admitted pro hac vice*
BRITTANY BOGAERTS, *admitted pro hac vice*
70 West Madison Street, Suite 3500
Chicago, IL 60602
Tel. (312) 977-4400
bvalcala@nixonpeabody.com
bbogaerts@nixonpeabody.com

SETH NEULIGHT, *admitted pro hac vice*
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600
Tel. (415) 984-8377
sneulight@nixonpeabody.com

**DOTSON LAW**
Robert A. Dotson, Nev. Bar No. 5285
Jill I. Greiner, Nev. Bar No. 4276
One East First Street
City Hall Tower, 16th Floor
Reno, NV 89501
Telephone: (775) 501-9400
rdotson@dotsonlaw.legal
jgreiner@dotsonlaw.legal

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LISA WALSH, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ITS LOGISTICS, LLC and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:16-cv-00607-MMD-WGC<br><br>~~[PROPOSED]~~ **FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT** |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

The above-referenced putative collective and class action ("Action") having come before

**THIERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

the Court on October 30, 2017, for a final fairness hearing and this Final Order Approving Class Action Settlement and Judgment ("Court's Final Order and Judgment"), consistent with the Court's Preliminary Approval Order ("Preliminary Approval Order"), filed and entered on July 24, 2017, and as set forth in the Joint Settlement Agreement ("Settlement," "Agreement," or "Settlement Agreement") in the Action, and due and adequate notice having been given to all Class Members as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing, the Court orders as follows:

IT IS HEREBY ORDERED THAT:

1.     This Court has jurisdiction over the subject matter of this litigation and personal jurisdiction over the named-plaintiff, all settlement class members, and defendants.

2.     The Court adopts the defined terms in the Settlement Agreement.

3.     Distribution of the Notice, Claim Form and the Exclusion Form directed to the Class Members as set forth in the Settlement Agreement and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and as otherwise set forth in the Settlement Agreement.  The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all persons entitled to such a Notice, and the Notice fully satisfied the requirements of due process.  All Class Members and all Released Claims are covered by and included within the Settlement and the Court's Final Order and Judgment.

4.     The Court hereby finds the Settlement was entered into in good faith.  The Court further finds that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement.

5.     The Court grants final approval to this Settlement and finds that the Settlement is fair, reasonable, and adequate in all respects, including the attorneys' fees, costs, and incentive award provisions.  The Court specifically finds that the Settlement confers a substantial benefit

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

to Settlement Class Members, considering the strength of Plaintiff's claims and the risk, expense, complexity, and duration of further litigation.  The response of the class supports settlement approval.  No class members objected to the Settlement and no class members requested exclusion from the Settlement.  The Court further finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of both sides, which supports approval of the Settlement in accordance with the standards set forth in the unopposed motion for final approval of settlement.  Settlement negotiations were not commenced until both sides had thoroughly investigated and researched the claims and defenses herein.

6.    As of the date of the Court's Final Order and Judgment, each and every Class Member is and shall be deemed to have conclusively released the Released Claims as against the Released Parties.  It is further ordered that by cashing the Settlement check, Class Members have consented to become a party plaintiff in this action and release all legal claims asserted in that action, including but not limited to claims asserted under the Fair Labor Standards Act, 29 U.S.C. § 207, et seq. and Nevada Revised Statutes Chapter 608.

7.    Neither the Settlement nor any of the terms set forth in the Settlement Agreement is an admission by the Released Parties, nor is the Court's Final Order and Judgment a finding of the validity of any claims in the Action or of any wrongdoing by the Released Parties.  Neither the Court's Final Order and Judgment, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, an admission by or against the Released Parties, of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Settlement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by the Released Parties, and shall not be offered in evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of the Court's Final Order and Judgment, the Settlement Agreement, the Released Claims, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action, or submit

**THIERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

in any other proceeding, the Court's Final Order and Judgment, the Settlement Agreement, and any other papers and records on file in the Action as evidence of the Settlement to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

8.    The Court hereby finds the settlement payments provided for under the Settlement to be fair and reasonable in light of all the circumstances.  The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement.

9.    The Court confirms the appointment of Lisa Walsh as class representative.  The Court approves the enhancement payment of $10,000.00 to Ms. Walsh, as set forth in the Settlement Agreement.

10.    The Court confirms the appointment of Thierman Buck LLP as class counsel for the settlement class and approves their requests for attorneys' fees and litigation costs of $66,500.00 and $2,000.00, respectively.

11.    The Court finds that the settlement administrator Simpluris is entitled to $5,000.00 for administrative fees.

12.    Provided the Settlement becomes effective under the terms of the Settlement, the Court also hereby orders the deadline for mailing or otherwise delivering the Court-approved Settlement Awards, attorneys' fees and costs, and Enhancement Awards is as set forth in the schedule within the Preliminary Approval Order.

13.    The Court further orders that any Settlement Awards shall remain valid and negotiable for 120-days from the date of issuance and that any Settlement Awards that remain uncashed after the expiration of the 120-day negotiable period shall be cancelled and the monies compromising the Settlement Award shall be returned to Defendant, ITS Logistics.

14.    No later than thirty (30) calendar days after ~~the occurrence of the both the Final Approval and~~ the distribution of all payments to be made pursuant to the terms of the Settlement, the Claims Administrator shall submit to the Parties and file with the Court a final accounting of

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

all monies paid from the Gross Settlement Sum.

15.    The Court hereby enters judgment in the Action, as of the date of entry of the Court's Final Order and Judgment, pursuant to the terms set forth in the Settlement Agreement. Without affecting the finality of the Court's Final Order and Judgment in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement, and all orders entered in connection therewith.

16.    The Complaint is dismissed on the merits and with prejudice.

**IT IS SO ORDERED.**

Dated:  _____  October 30, 2017

_____

Honorable Miranda Du
District Court Judge

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com